**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

Omar Little,

    Petitioner,

    v.                                                  Case No. 1:08-CR-00059
                                                        (1:09-CV-00822)

United States of America,

    Respondent.

**OPINION & ORDER**

This matter is before the Court on Petitioner Omar Little's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. 54). The United States filed a Response in Opposition (Doc. 59) and Petitioner filed a Reply (Doc. 63). In addition, the Court permitted Petitioner to file a response to additional materials filed by Respondent. (Doc. 67.)

**I.  Prior Proceedings**

On May 21, 2008, a Federal Grand Jury indicted Petitioner and his co-defendant for conspiracy to distribute in excess of 3,000 dose units of Oxycodone tablets in violation of 21 U.S.C. §§ 846, 841(a)(1), and (b)(1)(C) (Count 1) and possession with intent to distribute approximately 600 dose units of Oxycodone (Count 2). (Doc. 11.)

Petitioner retained counsel and met with him to discuss his case. Petitioner followed the advice of counsel to enter into a plea agreement. In the agreement, Petitioner agreed to plead guilty to Count 1 of the Indictment. (Doc. 25.) The agreement provided further

that Petitioner had "thoroughly reviewed all aspects of this case with his attorney, Richard Goldberg, and is fully satisfied with his attorney's legal representation...." (Id. at ¶ 17).

During the Change of Plea proceeding, this Court placed Petitioner under oath and inquired of him whether he fully understood what was occurring. (See Change of Plea Tr. at 5.) The Court asked Petitioner whether he and his attorney reviewed the charges that he was accused of committing and the evidence against him, to which Petitioner replied "yes". (Id. at 3.) The Court asked Petitioner whether he and his attorney reviewed the evidence in the case and discussed what possible defenses he might have, to which Petitioner replied "yes." (Id. at 4.) Petitioner reiterated his satisfaction with his attorney's representation. (Id. at 20.) This Court determined that Petitioner made his plea of guilt freely and voluntarily and accepted his plea. (Id. at 25-26). After this Court sentenced Petitioner, Respondent dismissed Count 2 against Petitioner. (Doc. 31).

## II.    Section 2255 Claim

In his sole ground for relief, Petitioner claims that he was denied ineffective assistance of counsel during the plea negotiation phase of his case. Specifically, Petitioner claims that his attorney failed to adequately discuss the potential risk of being charged in the Eastern District of Michigan for the same conduct which formed the basis of Count Two of the Indictment. Petitioner argues that counsel should have requested that Respondent include that charge as part of the plea agreement to avoid the continued jeopardy he faces with regards to that conduct. Petitioner acknowledges that no charges have been brought against him in the Eastern District of Michigan, but raises this issue at this time to avoid his claim being barred by the statute of limitations.

2

**III.	Analysis**

A prisoner seeking relief under 28 U.S.C. § 2255 must allege either "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003), *citing Weinberger v. U.S.*, 268 F.3d 346, 351 (6th Cir. 2001), *cert. denied*, 535 U.S. 967. Petitioner claims an error of constitutional magnitude due to ineffective assistance of counsel.

A petitioner claiming ineffective assistance of counsel must show that his attorney's performance was so inadequate as to violate his Sixth Amendment rights. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The two-prong test set forth in *Strickland v. Washington* governs claims of ineffective assistance of counsel arising from a guilty plea. *Hill v. Lockhart*, 474 U.S. 52, 58 (1985). Under the first prong, the petitioner must show that counsel's representation fell below an objective standard of reasonableness. *Id*. at 56. Under the second prong, the petitioner must show "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id*. at 58.

Petitioner claims that his counsel's representation fell below an objective standard of reasonableness because his attorney failed to inform him that the plea agreement subjected him to further prosecution in the Easter District of Michigan.

In order for his plea to be intelligent and knowing, a defendant must be "aware of the direct consequences of the plea." *King v. Dutton*, 17 F.3d 151, 153 (6th Cir.), *cert. denied*, 512 U.S. 1222 (1994). However, the Court finds that the consequences that

3

Petitioner fears may come to fruition–being charged in the Eastern District of Michigan for the conduct alleged in Count Two of the Indictment–are an impossibility. Therefore, counsel was not ineffective for failing to inform Petitioner of such a consequence.

The Sixth Circuit has explained that plea agreements are contractual in nature. *U.S. v. Robison*, 924 F.2d 612, 613 (6th Cir. 1991). Therefore, traditional principles of contract law apply in interpreting and enforcing a plea agreement. *Id.*

The Sixth Circuit has not directly addressed the issue of whether a United States Attorney in one judicial district may bind another in a plea agreement. *See United States v. Robison*, 924 F.2d 612 (6th Cir. 1991). However, other federal circuit courts have concluded that unless the agreement expressly provides to the contrary, United States Attorneys in different districts are bound by one another's plea agreements. *See United States v. Gebbie*, 294 F.3d 540, 550 (3d Cir. 2002) ("[W]hen a United States Attorney negotiates and contracts on behalf of 'the United States' or 'the Government' in a plea agreement for specific crimes, that attorney speaks for and binds all of his or her fellow United States Attorneys with respect to those same crimes and those same defendants."); *United States v. Carter*, 454 F.2d 426, 428 (4th Cir. 1972) (en banc), *cert. denied*, 417 U.S. 933 (1974) (holding that U.S. Attorney of one district had authority to enter into a plea bargain, in connection with a federal crime with "multistate ramifications," "agreeing that all offenses in the other jurisdictions [arising out of that crime] would be disposed of in the single case"); *United States v. Van Thournout*, 100 F.3d 590, 594 (8th Cir. 1996) (holding that absent express limitation, any promises made by an Assistant United States Attorney in one district will bind Assistant United States Attorney in another district); *but see United*

*States v. Annabi*, 771 F.2d 670, 672 (2d Cir. 1985) (holding that "[a] plea agreement binds only the office of the United States Attorney for the district in which the plea is entered unless it affirmatively appears that the agreement contemplates a broader restriction").

Here, the plea agreement is silent as to the effect it may have with respect to other United States Attorneys. However, the agreement does state that it is made between Petitioner "and the United States of America, by and through Kenneth L. Parker, Assistant U.S. Attorney for the Southern District of Ohio." As such, the Court finds that the plea agreement entered into by Petitioner binds the United States Attorneys in all other districts as to the crimes described in the Indictment. Stated differently, the United States Attorney for the Eastern District of Michigan would be bound by the plea agreement. Any statement by Petitioner's counsel that Petitioner remained in jeopardy of being prosecuted in the Eastern District of Michigan for the conduct charged in the Indictment would be incorrect. The Court concludes that counsel's failure to provide Petitioner with misinformation cannot support a claim for ineffective assistance of counsel.

Because Petitioner has not shown that his counsel's performance fell below an objective standard of reasonableness, the Court finds it unnecessary to address the issue of prejudice. *See Strickland*, 466 U.S. at 694 (directing that courts need not address both components of the inquiry "if the defendant makes an insufficient showing on one"). Therefore, Petitioner is not entitled to habeas relief based upon a claim of ineffective assistance of counsel.

**IV. Conclusion**

Pursuant to Title 28 U.S.C. § 2255, the Court finds that motions, files, and records of this case conclusively show that Petitioner is not entitled to relief. Therefore, a hearing

is not necessary to determine the issues and make the findings of fact and conclusions of law with respect thereto.  *Accord Smith v. U.S.*, 348 F.3d 545, 550-51 (6th Cir. 2003).  The claims raised are conclusively contradicted by the record and the well-settled law of the Sixth Circuit and the United States Supreme Court.  Accordingly, Petitioner's Motion to Vacate pursuant under 28 U.S.C. § 2255.  (Doc. 54) is hereby **DENIED**.

Further, the Court will not issue a certificate of probable cause or appealability.  The Court concludes that none of the issues raised by Petitioner in his habeas corpus petition are debatable among reasonable jurists, could be resolved differently on appeal, or are adequate to deserve encouragement to proceed further.  *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  In addition, Petitioner has not made a substantial showing of the denial of a constitutional right.  *See* 28 U.S.C. § 2253(c)(3).

**IT IS SO ORDERED.**

>        */s/ Michael R. Barrett*
> MICHAEL R. BARRETT, Judge
> United States District Court